```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                     ATLANTA DIVISION
```

JORDAN YOUNG and              :
CHASLYNN YOUNG                :
                              :         CIVIL ACTION
     Petitioners-Defendants,  :
                              :         No. 1:14-CV-1596-TWT-ECS
v.                            :
                              :
ROMONA JABAR                  :
                              :
     Respondent-Plaintiff.    :

**ORDER, FINAL REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**I.**
**Introduction**

The above-styled case is a dispossessory proceeding against tenants holding over, originally filed in the Magistrate Court of Fulton County by Romona Jabar ("Respondent" herein) against Jordan and Chaslynn Young ("Petitioners" herein). See [Doc. 1-1 at 5]. Petitioners, proceeding pro se, are seeking to remove this state case to federal court. See [Doc. 1-1 at 1]. Presently before the Court is Petitioners' application to proceed in forma pauperis with their "Petition for Removal With A Federal Stay Of Eviction Pursuant to 28 USCA 1446(d)." [Docs. 1, 1-1]. Upon consideration, Petitioners' motion to proceed in forma pauperis, [Doc. 1], is **GRANTED** for purposes of dismissal and remand. Because this Court does not have original jurisdiction over the claim made in state

court, the undersigned **RECOMMENDS** that the action be **REMANDED** to the Magistrate Court of Fulton County pursuant to 28 U.S.C. § 1447(c).

## II.
## Discussion

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447(c).

In removal cases, the party seeking removal has the burden to demonstrate that federal subject matter jurisdiction exists, <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001), and "uncertainties are resolved in favor of remand." <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987).

For federal-question jurisdiction to exist, the complaint must

2

present a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429 (citation omitted).[1] Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062 (2003). In addition, a counterclaim cannot serve as the basis for federal-question

---

[1] Under rare circumstances, the complete preemption doctrine provides an "independent corollary" to the well-pleaded complaint rule for determining whether a federal court has subject matter jurisdiction. See Caterpillar, 482 U.S. at 393, 107 S. Ct. at 2430. Where "the pre-emptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule,'" such a claim "arises under" federal law and thus provides the court with subject matter jurisdiction. Id. (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65, 107 S. Ct. 1542, 1547 (1987)). The Supreme Court, however, has only recognized complete preemption of state law claims under three federal laws: (1) the Labor Management Relations Act, see Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers, 390 U.S. 557, 560-62, 88 S. Ct. 1235, 1237-38 (1968); (2) the Employee Retirement Income Security Act, see Metro. Life, 481 U.S. at 65-66, 107 S. Ct. at 1547-48; and (3) the National Bank Act, see Beneficial, 539 U.S. at 7-11, 123 S. Ct. at 2062-64. The allegations in this case, however, do not fall under any of these three statutes. Thus, the complete preemption exception does not apply.

jurisdiction. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831, 122 S. Ct. 1889, 1894 (2002).

In this case, Petitioners seek to remove a dispossessory proceeding, [Doc. 1-1 at 5], which is fundamentally a matter of state law. Petitioners do not contend that Respondent relied on any federal law in bringing the action before the Fulton County Magistrate Court. See 28 U.S.C. § 1446(a). Although Petitioners allege that Respondent violated 15 U.S.C. § 1692 and 28 U.S.C. §§ 1367, 1446(d), and that the dispossessory action violated the Fourteenth Amendment of the United States Constitution, [Doc. 1-1 ¶¶ 1-5], a case may not be removed to federal court on the basis of a federal defense, see Caterpillar, 482 U.S. at 393, 107 S. Ct. at 2430, or on the basis of a federal counterclaim.[2] See Vornado, 535 U.S. at 831-32, 122 S. Ct. at 1894. Thus, absent a federal question presented on the face of Respondent's well-pleaded complaint or evidence that warrants the application of an exception to the well-pleaded complaint rule, Petitioners cannot properly remove this action on the basis of federal-question jurisdiction. Caterpillar, 482 U.S. at 393, 107 S. Ct. at 2430; see also Wachovia Mortg. Assoc.

---

[2] Petitioners also allege that Respondent violated Rule 60 of the Federal Rules of Civil Procedure, [Doc. 1-1 ¶ 1], but this statute does not provide any civil right of private action. Plus, the allegation that Respondent had "a legal duty to abort eviction pursuant to O.C.G.A. [§] 51-1-6," [id. ¶¶ 1, 5-6], does not present a federal question because O.C.G.A. § 51-1-6 is a state statute.

4

v. Lee, No. 1:11-cv-304-TWT-RGV, 2011 WL 976629, at *3 (N.D. Ga. Feb. 4, 2011) (recommending that dispossessory action be remanded to state court for lack of subject matter jurisdiction), report and recommendation adopted, 2011 WL 941351 (N.D. Ga. Mar. 17, 2011); Bank of N.Y. v. Wilson, No. 1:08-cv-332-TWT, 2008 WL 544741, at *2 (N.D. Ga. Feb. 25, 2008) (same); HSBC Mortg. Servs., Inc. v. Cunningham, No. 1:07-cv-2480-WSD-JFK, 2007 WL 3005337, at *2 (N.D. Ga. Oct. 12, 2007) (same).

Furthermore, there is no basis for diversity jurisdiction because Petitioners have not alleged that the amount in controversy exceeds $75,000 or that the parties are citizens of different states. See 28 U.S.C. § 1332(a)(1).

### III.
### Conclusion

For the reasons discussed above, the undersigned finds that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1441. Accordingly, **IT IS RECOMMENDED** that this case be **REMANDED** to the Magistrate Court of Fulton County.

The adoption of this final report and recommendation will leave no claims to adjudicate. Accordingly, with no matters pending before the undersigned, the Clerk is **DIRECTED** to terminate the reference to the undersigned magistrate judge.

**SO ORDERED AND RECOMMENDED**, this 30th day of May, 2014.

　　　　　　　　　　　　　　　　　　s/ *E. Clayton Scofield III*
　　　　　　　　　　　　　　　　　　E. CLAYTON SCOFIELD III
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE